IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KEVIN BRUCE GLASCO )
 )
v. ) NO. 3:05-0603
 )
VANDERBILT UNIVERSITY LAW )
SCHOOL, et al. )

TO: Honorable Robert L. Echols, District Judge

## REPORT AND RECOMMENDATION

By order entered September 8, 2005 (Docket Entry No. 2), the Court referred the above captioned action to the Magistrate Judge, pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A) and (B) for consideration of all pretrial matters.

The case was initially assigned to Magistrate Judge Knowles, who recused himself by order entered September 14, 2005(Docket Entry No. 3). The case was then reassigned to Magistrate Judge Brown, who recused himself by order entered July 11, 2006 (Docket Entry No. 14).

Presently pending before the Court is Defendants' motion to dismiss or for summary judgment (filed March 23, 2006; Docket Entry No. 11), to which Plaintiff has not filed a response in opposition. For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Plaintiff filed this action pro se on August 3, 2005.[1] He claims that he has been the victim of unlawful work place conduct on the part of his former employer, Vanderbilt University Law

---

[1] Although the complaint was filed stamped on August 3, 2005, it was received by the Court on December 22, 2004.

School. He alleges that he suffered harassment because of his disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq, and that his rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e et seq, were violated. He further alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., because of a problem he had with one of his paychecks and violated a provision of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 654, because of an unsafe working condition at the law school which had caused him and others to fall. Named as defendants are the Vanderbilt University Law School and three Vanderbilt University employees - Lynn Ewing, Jennifer Daniel, and Martin Cerjan.

Defendants were served with process and filed a joint answer to the complaint. See Docket Entry No. 9. A scheduling order (Docket Entry No. 10) was issued, and the action is set for a trial by jury on December 12, 2006.

## II. DEFENDANTS' MOTION

Defendants assert that Plaintiff worked at the Vanderbilt University Law School from August 2004, to December 2004, when he submitted his resignation. They assert that he was hired for two distinct job positions, one in the computer lab and one helping with audio-visual equipment, and that the two job positions had different rates of pay. Defendants state that a pay error occurred with regard to Plaintiff's compensation for the week ending August 28, 2004, but that they were not aware of the error until Plaintiff filed the instant lawsuit and that they have taken steps to remedy the error by issuing to Plaintiff a check for the amount of back pay owed in addition to the amount he might be able to recover in liquidated damages under the FLSA. Defendants admit that Plaintiff notified them that he slipped and fell while at work sometime in September or October, 2004, but assert that he never filed a claim for workers' compensation benefits.

Defendants support their motion with the affidavit of John Callison (Docket Entry No. 12-2), in which he attests to the facts surrounding the pay error issue and the slip and fall issue, and the

2

affidavit of Defendant Ewing (Docket Entry No. 12-3) in which she attests to the facts of Plaintiff's employment status at Vanderbilt Law School, the pay error issue, and the slip and fall issue.

### III. SUMMARY JUDGMENT STANDARD

Defendants have submitted affidavits in support of their motion. There is no reason to exclude these affidavits. Therefore, the motion will be viewed as a motion for summary judgment brought under Rule 56 of the Federal Rules of Civil Procedure.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Summary judgment will not lie if the dispute about a material fact is genuine: "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 265 (1986). The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. See Lashlee v. Sumner, 570 107 (6th Cir. 1978).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L.Ed.2d 142 (1970) (footnote omitted). Accord Adams v. Union Carbide Corp., 737 F.2d 1453, 1455-56 (6th Cir.), cert. denied, 469 U.S. 1062 (1984). Inferences to be drawn from the underlying facts must also be considered in the light most favorable to the party opposing the motion. United States v. Diebold, Inc. 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed.2d 176 (1962); Watkins v. Northwestern Ohio Tractor Pullers Ass'n, 630 F.2d 1155, 1158 (6th Cir. 1980).

## IV. CONCLUSIONS

Summary judgment should be granted to Defendants in this action. Plaintiff has not set forth any evidence supporting his claims, and no reasonable jury could find in favor of Plaintiff based on the evidence before the Court. Defendants are entitled to judgment in their favor as a matter of law.

Plaintiff's Title VII and ADA claims suffer from several legal shortcomings. First, individual defendants cannot be found personally liable under Title VII or the ADA. See Sullivan v. River Valley Sch. Dist., 197 F.3d 804, 808 n.1 (6th Cir. 1999), cert. denied, 530 U.S. 1262 (2000); Hiler v. Brown, 177 F.3d 542, 546 (6th Cir. 1999); Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997). Accordingly, Plaintiff does not state a claim against Defendants Jennifer Daniel, Lynn Ewing, and Martin Cerjan under Title VII or the ADA. Second, Plaintiff fails to allege anywhere in his complaint that he is a member of a protected class under Title VII and fails to make any specific, factual allegations showing that he is entitled to the protections of the ADA. As such, he has failed to even allege facts showing that he has a prima facie case under either act. Finally, Plaintiff has not shown that he exhausted his administrative remedies for a claim under Title VII or the ADA. Exhaustion of administrative remedies is a necessary prerequisite for a complaint alleging employment discrimination under Title VII or the ADA. See Parry v. Mohawk Motors of Mich., 236 F.3d 299, 308 (6th Cir. 2000), cert. denied, 533 U.S. 951 (2001); Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1486 (6th Cir. 1989).

Plaintiff's FLSA claim and OSHA claim also suffer from fatal shortcomings. With respect to the FLSA, Plaintiff's own complaint fails to clearly set out why the FLSA was violated. The statutory provision referred to in the complaint is not even relevant as it pertains to work performed prior to July 20, 1949. See Complaint at 2. Further, Defendants have set forth evidence that Plaintiff has been paid for any back wages due him in addition to any potential liquidated damages and, thus, has been fully compensated for any possible damages he suffered. Plaintiff has not disputed this evidence. With respect to Plaintiff's OSHA claim, there is no private cause of action

4

for an alleged violation of OSHA. See Ellis v. Chase Communications, Inc., 63 F.3d 473, 477 (6th Cir. 1995).

## RECOMMENDATION

For the reasons set out above, the Court respectfully RECOMMENDS that Defendants' Motion for Summary Judgment (Docket Entry No. 11) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge